IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nichele Thomas, | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | **JURY DEMANDED** |
| Francisco Alliance, Inc., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

Now comes the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD., and complaining of the Defendant, states as follows:

## JURISDICTION

1. This action arises under the United States Constitution and the Family and Medical Leave Act of 1993 (29 U.S.C section 2601; also known as the "FMLA"). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331. This court has jurisdiction over Plaintiff's state law claims under its Supplemental jurisdiction authority, 28 U.S.C section 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

. 3. At all times herein mentioned Plaintiff, Nichele Thomas ("Thomas" or "Plaintiff"), was an employee of Defendant performing her duties in Cook County, Illinois.

4. At all times herein mentioned Defendant, Franciscan Alliance Inc., ("Franciscan") was an Indiana Corporation doing business in Cook County, Illinois, and maintained one of its

1

facilities in Olympia Fields, Illinois. At all relevant times, Franciscan was a private-sector employer, with 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

## FACTS

5. The Defendant, Franciscan Alliance, Inc. ("Franciscan") operates a hospital in Olympia Fields, Illinois.

6. Plaintiff was an is a Registered Nurse working in the emergency room department at Franciscan. Plaintiff began her employment with Franciscan in February 2016.

7. Plaintiff has always been a good employee performing her job to her employer's expectations.

8. At all relevant times, Plaintiff had been taking intermittent FMLA leave as needed because she had asthma and other breathing related issues. At all relevant times her FMLA leave had been approved.

9. As is well known, the Coronavirus pandemic began significantly impacting care of patients in hospitals in the United States, beginning about late February to early March, 2020.

10. During the above-mentioned time period, Plaintiff is informed and believes that Franciscan converted most, but not all, of its Emergency Room area to negative air pressure. This is done to help isolate patients and assist in preventing the spread of infectious disease by endeavoring to prevent cross contamination of infectious disease from room to room.

11. Plaintiff had been working in an area of negative air pressure, but on or about March 18, 2020, Plaintiff was assigned to work in a hospital room with a patient to rule out the Coronavirus. That particular room did not have negative air pressure.

12. Plaintiff was believed to be already somewhat immuno-suppressed having asthma, severe sleep apnea, and having had in the past, the H1N1 virus. The Defendant was aware of Plaintiff's medical history.

13. When Plaintiff was assigned to the room without negative air pressure, she informed her supervisor and objected to working in the newly assigned room indicating that it was unsafe to work in that room because it was infectious and the working conditions were unsafe without additional safety precautions including an N95 (or the equivalent) mask.

14. Plaintiff requested from her supervisors additional safety precautions. The Defendant refused to give Plaintiff the additional protection that she requested.

15. Plaintiff's supervisors told Plaintiff that she should go home, causing Plaintiff to believe that she was being suspended.

16. Thereafter, within about one day, Defendant called Plaintiff on her cellphone and informed her that she had been terminated.

17. Plaintiff's termination was caused by and in retaliation for Plaintiff engaging in the activities set forth above, including but not limited to, objecting to the unsafe work conditions described above, and/or utilizing her FMLA intermittent leave.

18. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, and has suffered the indignity of discrimination, which has manifested in emotional distress, has harmed her earning capacity, disrupted her personal life, and caused the loss of enjoyment of the ordinary pleasures of life.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the

within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, the appropriate State law provisions, or any other provision set by law.

### COUNT I

### PLAINTIFF AGAINST DEFENDANT FOR VIOLATION OF THE WHISTLE BLOWER ACTS

20. Plaintiff realleges and incorporates paragraphs one (1) through nineteen (19) as though fully set forth at this place.

21. Plaintiff objected to working without proper safety precautions, including without proper personal protective equipment ("PPE").

22. The requirement to employ Plaintiff in conditions that meet applicable reasonable health and safety requirements of its employees, are set forth in the Statutes of the State of Illinois, OSHA, the Illinois Administrative Code, including Title 77, the Illinois Department of Health, and the Centers for Disease Control ("CDC"), including the CDC's regulations and guidelines promulgated by it and all other applicable polices.

23. Plaintiff was terminated in retaliation for indicating her objection to working in unsafe working conditions.

24. The acts taken by defendant in terminating Plaintiff was in violation of various state law whistleblowing statutes, including but not limited to 210 ILCS 86/35; 225 ILCS 65/50-50; and 740 ILCS 174/20 and 20.1 Theses statutes prevent employers from retaliating against an employee for objecting to unsafe working conditions.

25. As a direct and proximate result of violation of the Illinois Whistleblower Act and related law, plaintiff suffered and continues to suffer lost wages and benefits, disruption to her

personal life, humiliation, embarrassment, and loss of enjoyment of the ordinary pleasures of life.

## COUNT II

### PLAINTIFF AGAINST DEFENDANT FOR
### A COMMON LAW RETALIATORY DISCHARGE

26. Plaintiff realleges and incorporates paragraphs one (1) through nineteen (19) as though fully set forth at this place.

27. As set forth above, Defendant discharged the Plaintiff.

28. The discharge was in retaliation for Plaintiff complaining about and objecting to having to work under unsafe conditions.

29. The discharge violates a clear mandate of public policy in that there is a public policy of the State of Illinois that an employee of a hospital does not have to work in unsafe conditions and that there is a public policy not to fire an employee who complains about and/or objects to working in unsafe conditions.

30. As a direct and proximate result of violation of Illinois public policy and related law, plaintiff suffered and continues to suffer lost wages and benefits, disruption to her personal life, humiliation, embarrassment, and loss of enjoyment of the ordinary pleasures of life.

## COUNT III

### PLAINTIFF AGAINST DEFENDANT FOR RETALIATORY DISCHARGE IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FMLA

31. Plaintiff realleges and incorporates paragraphs one (1) through nineteen (19) as though fully set forth at this place.

32. During the time that Plaintiff was objecting to working in unsafe working conditions there was discussion between she and her supervisors wherein Plaintiff indicated that she would take time off pursuant to her intermittent FMLA rights that were then in place.

33. Rather than permitting Plaintiff to take time pursuant to her FMLA intermittent leave, the Defendant terminated Plaintiff's employment very shortly after the discussion described above.

34. Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit an employer is prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

35. Further, an employer is prohibited from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

36. Plaintiff's termination was caused by and in retaliation for her voicing her intent to take her FMLA intermittent leave.

37. As a direct and proximate result of violation of the FMLA, plaintiff suffered and continues to suffer lost wages and benefits, disruption to her personal life, humiliation, embarrassment, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, LTD. requests the following relief:

1. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

2. That Plaintiff be granted special damages, including lost wages, benefits and an appropriate pension adjustment, in a sum to be ascertained;

3. That Plaintiff be granted punitive damages in an amount to be determined at trial;

4. That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

5. That the Court grant such other and further relief as the Court may deem just or equitable.

By: s/Edward M. Fox

ED FOX & ASSOCIATES, LTD.
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

BY: s/Edward M. Fox

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com